# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Dollie McDonald,<br><br>   Plaintiff,<br><br>v.<br><br>Paul M. Donofrio, *et al.*,<br><br>   Defendants. | Case No. 2:21-cv-01892-GMN-BNW<br><br>**REPORT AND RECOMMENDATION** |

Before the Court are two motions. First, *pro se* Plaintiff Dollie McDonald filed a motion for default. ECF No. 7. Defendants responded (ECF No. 10), and Plaintiff replied (ECF No. 12). Defendants also filed a motion to quash service and to dismiss the complaint. ECF No. 11. Plaintiff responded (ECF No. 16), and Defendants replied (ECF No. 13).[1][2]

**I.     Defendants' Motion to Quash Service and to Dismiss the Complaint (ECF No. 11)**

Plaintiff filed the complaint in this case on October 13, 2021. ECF No. 1. Defendants Paul M. Donofrio and Bank of America, N.A. ("BANA") move to quash service of process and to dismiss the complaint under Rule 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 11 at 1. According to Plaintiff's affidavits of service, she served Donofrio and BANA through a person named Brea Child-Lewis on October 20, 2021. *See* ECF Nos. 5, 6. Defendants contend, however, that service through Child-Lewis was not proper under the Federal Rules of Civil Procedure because she has not been employed at BANA since 2015 (and, therefore, could not have been authorized to accept service). ECF No. 11 at 2–3. BANA attaches a declaration of one of its vice presidents attesting that Child-Lewis's last date of employment with BANA was February 24, 2015. ECF No. 11-1 at 3.

---

[1] The docket numbers are out of order.
[2] Plaintiff also filed a surreply (ECF No. 17) to Defendants' motion to quash and an affidavit in support (ECF No. 18). Plaintiff did not seek leave to file this surreply or affidavit. Accordingly, the Court will not consider these documents. *See* LR 7-2(b) ("Surreplies are not permitted without leave of court . . . .").

Plaintiff's response to Defendants' motion essentially argues that Defendants had actual notice of suit by November 4, 2021 (at the latest). *See* ECF No. 16.[3]

Defendants may move for dismissal due to insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Unless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act with respect to that defendant at all." *United Nat'l Ins. Co. v. Young*, No. 2016CV00121GMNPAL, 2017 WL 3814659, at *1 (D. Nev. Aug. 30, 2017) (cleaned up); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under" Rule 4.). "Although Rule 4 is a flexible rule," substantial compliance with Rule 4's service requirements is mandatory; simply providing a defendant with actual notice of the suit is insufficient. *Young*, 2017 WL 3814659, at *1 (cleaned up) (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)); *see also Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (actual notice, without substantial compliance with Rule 4, is insufficient for purposes of service).

Plaintiff bears the burden of establishing the validity of service if it is challenged. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."); *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996) ("The burden is on the plaintiff to establish the propriety of the service.").

Here, Plaintiff has not met her burden to show that service was proper under the Federal Rules of Civil Procedure. Under Rule 4(e), an individual (such as Donofrio) may be served by complying with state law for service, serving the person individually, leaving a copy of the

---

[3] Plaintiff references two letters she received from BANA (one in June 2021 related to a complaint Plaintiff filed with the Consumer Financial Protection Bureau and one in November 2021 responding to an October 11, 2021 letter from Plaintiff). ECF No. 16 at 2. While the November 2021 letter references BANA's awareness of this litigation (and thus seems to refute BANA's statement that it only became aware of the litigation after Plaintiff filed her motion for default in December 2021), the letter does not say anything about service. *Id.* at 10–11.

summons and complaint at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or serving an authorized agent. *See* Fed. R. Civ. P. 4(e). A corporation (such as BANA) may be served by complying with state law for service or serving an officer or managing, general, or authorized agent. Fed. R. Civ. P. 4(h)(1). Plaintiff has not argued that she effected service in any of these ways in compliance with Rule 4 for either Donofrio or BANA. Further, her affidavits of service indicate that she served Child-Lewis in 2021 (ECF Nos. 5, 6), who BANA has declared under penalty of perjury has not worked at BANA since 2015. ECF No. 11-1 at 3. Accordingly, Plaintiff failed to carry her burden to show that service was proper.

If the Court grants a motion under Rule 12(b)(5), the court may dismiss the action without prejudice or retain the action and allow the plaintiff to cure the defects. *See Young*, 2017 WL 3814659, at *1; *Konecranes Glob. Corp. v. Mode Tech (Beijing) Co.*, No. 2018CV02015GMNNJK, 2019 WL 3554696, at *2 (D. Nev. Aug. 5, 2019) (citing *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006)); *Reynolds v. Wynn Resorts Holding*, No. 2017CV02798GMNNJK, 2019 WL 1027991, at *1 (D. Nev. Mar. 4, 2019). Courts have discretion to extend the time for service or to dismiss under Rule 4(m) in the absence of good cause. *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). However, "if the plaintiff shows good cause for the failure [to timely serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "At a minimum, 'good cause' means excusable neglect." *Young*, 2017 WL 3814659, at *2 (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Here, the Court finds that Plaintiff has shown excusable neglect for her failure to properly serve Donofrio and BANA within the time required by Rule 4(m). Plaintiff appears to have hired a process server and attempted to timely serve Donofrio and BANA. *See* ECF Nos. 5–6. Additionally, Defendants received actual notice of the suit. *See Young*, 2017 WL 3814659, at *2 (finding excusable neglect when plaintiff attempted service and provided defendants with actual notice of the suit). Accordingly, the Court recommends that this Court retain the action and that Plaintiff be given an additional 30 days to serve properly Donofrio and BANA.

## II. Plaintiff's Motion for Default (ECF No. 7)

Plaintiff requests that a default be entered against BANA and Donofrio for their failure to timely plead. ECF No. 7 at 1. Because Plaintiff failed to show that service on these Defendants was proper, the Court recommends that Plaintiff's request for default be denied.

## III. Conclusion and Recommendations

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to quash and to dismiss (ECF No. 11) be GRANTED in part and DENIED in part. It is recommended that it be granted to the extent that the Court quash service on Donofrio and BANA. It is recommended that it be denied to the extent that Defendants seek to dismiss the complaint.

**IT IS FURTHER RECOMMENDED** that Plaintiff be given an additional 30 days to properly serve Donofrio and BANA.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for default (ECF No. 7) be DENIED.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 19, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE