UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOLLIE MCDONALD, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cv-01892-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| PAUL M. DONOFRIO, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiff Dollie McDonald's ("Plaintiff's") Conditional Acceptance,[1] (ECF No. 27), to the Magistrate Judge's Report and Recommendation ("R&R"), (ECF No. 26), recommending that the Court grant in part and deny in part Defendants Paul M. Donofrio and Bank of America, N.A.'s (collectively, "Defendants'"), Motion to Quash Service and Dismiss, (ECF No. 11), and deny Plaintiff's Application for Entry of Default, (ECF No. 7).

For the reasons discussed below, the Court **DENIES** Plaintiff's Conditional Acceptance, **ADOPTS in full** the Magistrate Judge's R&R, and **STRIKES** Plaintiff's Addendum to her Conditional Acceptance to the R&R.

I. **BACKGROUND**

This case arises from several federal and state claims against Defendants for allegedly violating Plaintiff's constitutional and statutory rights. (*See generally* Compl., ECF No. 1). Plaintiff alleges that Defendants are collecting mortgage payments to which they are not legally entitled. (*See* Demand for Validation and Proof of Claim at 2, Ex. B to Compl., ECF No. 1-3).

---

[1] Plaintiff also filed an Addendum, (ECF No. 28), to her Conditional Acceptance of the R&R. However, Plaintiff did not seek leave to file this document. Accordingly, the Court will strike the Addendum. *See* LR 7-2(g) (requiring parties to request leave of court to file supplemental documentation and granting the Court the ability to strike a supplemental filing made without leave of court).

1  After filing her Complaint, Plaintiff moved for entry of default. (*See generally* App. Entry

2  Default, ECF No. 7).  In response, Defendants filed a Motion to Quash Service and Dismiss.

3  (*See generally* Mot. Quash Serv. & Dismiss, ECF No. 11).  The Magistrate Judge entered its

4  R&R, recommending the Court grant in part and deny in part Defendants' Motion to Quash and

5  deny Plaintiff's Application for Entry of Default. (*See* R&R 1:14–4:4, ECF No. 26).  Plaintiff

6  filed a Conditional Acceptance to the R&R. (*See generally* Cond. Acc., ECF No. 27).

## II.  LEGAL STANDARD

When reviewing the order of a Magistrate Judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A Magistrate Judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 U.S. Dist. LEXIS 129489, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).  When reviewing the order, however, the Magistrate Judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007).  The District Judge "may not simply substitute its judgment" for that of the Magistrate Judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III.  DISCUSSION

The Magistrate Judge recommends the Court deny Plaintiff's Motion for Default because she did not demonstrate that service was proper on Defendants Donofrio or Bank of America, N.A. (*See* R&R 4:2–4).  The R&R also recommends granting in part and denying in

part Defendants' Motion to Quash for the same reason. (*Id.* 1:15–3:28).  Plaintiff filed a Conditional Acceptance but raises numerous objections within it. (*See* Cond. Acc. 3:17–20). First, Plaintiff contends Defendants do not support with evidence their claim that "Brea Child-Lewis has not been employed by BANA since February 24, 2015."[2] (*Id.* 13:8–10).  The record, however, demonstrates that Defendants submitted a signed Declaration supporting this claim. (Decl. Ryan Dansby ¶ 4, Mot. Quash Serv., ECF No. 11-1).  Plaintiff also reargues that Defendants failed to answer or respond to her Complaint within twenty-one (21) days of being properly served.  (*Id.* 13:26–14:3).  However, as the R&R correctly finds, Plaintiff does not fulfill her burden of showing she effectuated service in compliance with state law or Fed. R. Civ. P. 4. (*See* R&R 2:23–3:9).  Plaintiff does not demonstrate how the Magistrate Judge clearly erred with this determination.

Next, Plaintiff accuses Defendants of committing fraud upon the Court. (*See* Cond. Acc. 16:1–17:2).  Plaintiff cites Seventh Circuit caselaw, which does not bind this Court as it is part of a separate circuit, in support but does not explain how the Court has been defrauded.  To the extent that Plaintiff avers Defendants retroactively filed Mr. Ryan Dansby's Declaration, and that the docket was altered to reflect this subsequent filing, Plaintiff offers no evidence to support her theory.  As such, Plaintiff fails to demonstrate clear error.

Finally, Plaintiff maintains that the Court "is clearly showing prejudice against Plaintiff" by (1) not considering her oppositions and affidavits and (2) finding in favor of Defendants. (*Id.* 17:4–10).  As to the first contention, all parties must comply with the local rules. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (holding that a court may dismiss a case when a party fails to comply with local rules).  Usually, a party responding to a motion has one chance as of right to file an opposition to said motion. *See* LR 7-2(b).  If that party wishes to supplement

---

[2] Plaintiff also contends Defendants filed a Declaration in support of this claim retroactively, and that the docket was altered to reflect this subsequent filing.  However, Plaintiff offers no evidence to support her theory.  As such, the Court will not entertain it.

their opposition with further documentation, the party must seek leave of court to do so. *See* LR 7-2(b) & (g). Since Plaintiff did not seek leave to file her sur-reply or affidavit, the Court did not clearly err in not considering it. As to her second contention, Plaintiff offers no evidence demonstrating that the Court showed any bias against Plaintiff in finding in favor of Defendants. Plaintiff contends the Magistrate Judge and District Judge presiding over this case violated their oaths of office and code of conduct, but again, she offers no evidence to support her assertion. Thus, the Court rejects her conditional acceptance as it does not demonstrate that the Magistrate Judge clearly erred.

In sum, Defendants' Motion to Quash is granted to the extent that the Court quash service on Defendants Paul M. Donofrio and Bank of America, N.A. The Motion to Quash is denied to the extent that Defendants seek to dismiss Plaintiff's Complaint. Further, Plaintiff's Application for Entry of Default is denied.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Conditional Acceptance, (ECF No. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 26), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Entry of Default, (ECF No. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Quash and to Dismiss, (ECF No. 11), is **GRANTED in part and DENIED in part**, consistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall properly serve Defendants Paul M. Donofrio and Bank of America, N.A., within thirty (30) days of entry of this Order, or until Tuesday, November 29, 2022.

**IT IS FURTHER ORDERED** that Plaintiff's Addendum to her Conditional Acceptance to the R&R, (ECF No. 28), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel, (ECF No. 19), is **DENIED as moot**.[3]

**DATED** this __26__ day of October, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[3] In her Motion to Compel, (ECF No. 19), Plaintiff requests that the Clerk of Court enter default against Defendants. (*See* Mot. Compel 1:20–26, ¶ 1, ECF No. 19). However, because the Court is denying her Application for Entry of Default, this issue is effectively moot. Accordingly, the Court denies as moot her Motion to Compel.