UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DOLLIE MCDONALD,<br><br>Plaintiff,<br><br>v.<br><br>PAUL M. DONOFRIO, individually and in his official capacity, and BANK OF AMERICA, as successor in interest to COUNTRYWIDE HOME LOANS, INC. and COUNTRYWIDE BANK, FSB, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Defendants. | Case No. 2:21-cv-01892-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Paul M. Donofrio and Bank of America's Renewed Motion to Stay Discovery. ECF No. 58. The Motion to Stay explains that Plaintiff's Complaint is vague, unsupported by facts, and based on non-viable legal theories circulated on the internet. *Id*. Defendants also point out that Plaintiff filed a conditional acceptance of Defendants' Motion to Dismiss requiring, in part, the Court to certify or otherwise provide assurances there are legal bases to provide. *Id*. All told, however, the sum and substance of Plaintiff's response to Defendants' Motion to Dismiss is, effectively, a non-response that allows the Court to grant the Motion as unopposed. LR 7-2(d). *See also Moore v. Ditech Fin., LLC*, Case No. 2:16-cv-1602-APG-GWF, 2017 WL 2464437, at *2 (D. Nev. June 7, 2017), *aff'd*, 710 Fed.Appx. 312 (9th Cir. 2018) (holding that the plaintiff "conceded to dismissal" of a claim "by failing to oppose the defendants' arguments on" certain issues raised in the motion to dismiss); *Duensing v. Gilbert*, Case No. 2:11-cv-01747-GMN-VCF, 2013 WL 1316890, at *5 n.3 (D. Nev. Mar. 1, 2013) (the failure to oppose a motion does not apply only when there is no filing in opposition of any kind, but also to failure to assert opposition to arguments presented in the motion.). Because Plaintiff's failure to oppose Defendants' Motion to Dismiss is likely to lead to the granting of that Motion, the Court finds a stay of discovery is warranted in this case.

1

Specifically, courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically lead to a stay of discovery. *Id.*

When deciding whether to grant a discovery stay, courts are often guided by Rule 1 of the Federal Rules of Civil Procedure requiring the just, speedy, and inexpensive determination of every action. *Tradebay*, 278 F.R.D. at 602-03. Generally, a motion to stay discovery pending resolution of other motions may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a discovery stay bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012)).

The Court took a preliminary peek at the Motion to Dismiss and the opposition thereto. As stated above, Plaintiff asserts no substantive basis for denying the Motion to Dismiss.

Accordingly, IT IS HEREBY ORDERED that Defendants' Paul M. Donofrio and Bank of America's Renewed Motion to Stay Discovery (ECF No. 58) is GRANTED.

IT IS FURTHER ORDERED that if the order addressing the Motion to Dismiss does not resolve this matter in its entirety, the parties **must** submit a joint discovery plan and scheduling order no later than **ten (10)** days after the Court's order.

Dated this 20th day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE