UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DOLLIE MCDONALD, | Case No. 2:21-cv-01892-GMN-EJY |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| PAUL M. DONOFRIO, individually and in his official capacity, and BANK OF AMERICA, as successor in interest to COUNTRYWIDE HOME LOANS, INC. and COUNTRYWIDE BANK, FSB, BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, | RE:  ECF No. 65 |
| Defendants. | |

**I.     Introduction and Summary of Arguments**.

Pending before the Court is Plaintiff Dollie McDonald's Notice of Motion to File a Second Amended Complaint. ECF No. 65. In conclusory fashion, Plaintiff argues her Motion is prompted by "newly discovered information that is crucial in the court's determination." ECF No. 65-1 at 2. Plaintiff also says amendment "is expedient and logically sound." *Id*. Finally, Plaintiff contends her proposed second amended complaint will cure "deficiencies," clear up inadequate claims, and add claims and "relative parties based on Plaintiff's recent discovery of a security violation and trust breach." *Id*. at 3.

Defendants respond to Plaintiff's Motion arguing this is Plaintiff's third attempt to file a complaint that states a viable claim. ECF No. 66 at 1-2. Defendants note a fully briefed Motion to Dismiss Plaintiff's First Amended Complaint, filed on January 20, 2023, is presently pending before the Court. Defendants identify Plaintiff's two newly included defendants and explains Plaintiff's proposed second amended complaint does not include three of her seven original claims (the TILA, FDCPA, and FCRA claims), reasserts four claims subject to the pending Motion to Dismiss, and asserts one new futile claim. *Id*. at 2. Specifically, Defendants explain the four claims subject to the pending Motion to Dismiss and reasserted by Plaintiff include: (1) an alleged violation of the Internal

1

Revenue Code that identifies only one statute under which Plaintiff seeks relief; (2) a violation of the Securities Act of 1933 identifying two statutes under which Plaintiff seeks to proceed; (3) a violation of the Sherman Act citing a single statute allegedly providing Plaintiff relief; and (4) the equitable claim of Recoupment. *Id*. at 5-6. Defendants say Plaintiff's new claim—Breach of Fiduciary Duty—fails because Plaintiff lack's standing to bring this claim. *Id*. at 6-7. Defendants also argue Plaintiff fails to identify the alleged newly discovered evidence to which she refers and given that there has been no discovery conducted because this case is stayed it is unclear how Plaintiff could have discovered new information. *Id*. at 4.[1]

## II.  Discussion.

Under Fed. R. Civ. P. 15(a)(2) courts allow parties great discretion in amending their pleadings. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotation marks omitted). Courts generally evaluate whether the requested leave to amend meets the standard established, which requires drawing all reasonable inferences in favor of granting motions to amend. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (internal citation omitted). In the Ninth Circuit, Rule 15(a)(2) is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). Nonetheless, it is within the district court's discretion to determine whether to grant leave to amend. *Chappel v. Laboratory Corporation of America*, 232 F.3d 719, 725 (9th Cir. 2000).

Factors considered by the courts when determining whether to grant leave to amend include whether the: (1) moving party acted in bad faith; (2) moving party unduly delayed the request; (3) opposing party will suffer prejudice; (4) amendment is futile; and (5) plaintiff has previously amended its complaint. *Eminence Capital, LLC*, 316 F.3d at 1052. Courts exercising discretion to grant or deny a motion to amend "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal citation omitted).

The Court discusses futility first because if the amendment sought by Plaintiff is futile, no other basis for denying Plaintiff's Motion seeking amendment need be considered. Futility is

---

[1] Plaintiff did not file a reply brief.

2

decided under Federal Rule of Civil Procedure 12(b)(6) that is applicable to motions to dismiss. *Hines v. Washington Federal Bank*, Case No. 2:21-cv-01621-APG-DJA, 2022 WL 60878, at *1 (D. Nev. Jan 6, 2022) ("To determine futility, the Court applies the same standard used on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"), *citing Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998); *see also Warren v. Nevada Dep't of Corrections*, Case No. 3:17-cv-00228-MMD-WGC, 2019 WL 11093580, at *1 (D. Nev. Sept. 5, 2019) ("The standard for futility is whether the proposed amended complaint states a claim upon which relief may be granted, ... the same standard that is utilized in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).").

"[I]f no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense," a proposed amendment is futile. *Miller*, 845 F.2d at 214. Although futility alone can justify denying a motion for leave to amend (*Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)), "denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Cates v. Stroud*, Case No. 2:17-cv-01080-GMN-PAL, 2017 WL 11429893, at *2 (D. Nev. Oct. 26, 2017) (internal citations omitted).

Plaintiff's first claim for relief in the proposed second amended complaint is an alleged violation of the Internal Revenue Code. ECF No. 65-2 at 6. Plaintiff brings this claim under 26 U.S.C. § 7201. *Id.* ¶ 33. Plaintiff's reliance on § 7201 is misplaced as this is a criminal penalty statute under which Plaintiff cannot proceed and which provides Plaintiff no relief. *Small v. Mortgage Electronic Registration Systems, Inc.*, Case Nos. 2:09-cv-0458 GEB DAD PS, 2:10-cv-0342 GEB DAD PS, 2010 WL 3719314, at *8 (E.D. Cal. Sept. 16, 2010) (there is no private right of action to enforce criminal statute 26 U.S.C § 7201). Plaintiff identifies no other basis on which she relies to bring this claim. The Court finds Plaintiff's first claim fails as a matter of law and it would be futile to allow Plaintiff to amend her operative complaint to state this proposed claim.

Plaintiff's second claim for relief arises under the Securities Act of 1933. Plaintiff states the new defendants engaged in a scheme to defraud Plaintiff "by sending monthly statements between 2013 and 2020, by and through its services, to obtain money and property from DEBTOR for

'payment' of a discharged debt." ECF No. 65-2 ¶ 35. The allegations go on to discuss a "non-judicial foreclosure action" and a failure to comply with the UCC. *Id.* ¶ 36. Plaintiff does not allege how she either acquired or purchased a security from either of the defendants thereby failing to state a claim under the Securities Act. More importantly, however, are the two statutes upon which Plaintiff bases her claim for relief. First Plaintiff identifies 15 U.S.C. § 77x. *Id*. ¶ 40. This is a criminal statute allowing for imposition of fines and imprisonment after conviction. Second, Plaintiff identifies 15 U.S.C. § 777yyy. *Id.* There is no such statute. However, the Court reasonably assumes Plaintiff meant to plead this claim under 15 U.S.C. § 77yyy, but this too is a criminal statute. Neither statute under which Plaintiff asserts her second claim for relief provides a basis on which she can proceed.[2] As such, Plaintiff's second claim asserting a violation of the Securities Act of 1933 fails as a matter of law. The Court finds it would be futile to allow Plaintiff to proceed with a second amended complaint that includes this claim.

Plaintiff next raises an alleged violation of the Sherman Act claiming she is "in possession of trade secret that she intends to use across many states." ECF No 65-2 at 8. Plaintiff states this claim is asserted under 15 U.S.C. § 1. *Id*. ¶¶ 42-43. Plaintiff's claim fails because 15 U.S.C § 1 is a criminal statute allowing for the imposition of a fine and/or imprisonment after conviction. The statute states: "Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court." *Id*. Because Plaintiff cannot bring a civil claim under a criminal statute, this claim is futile and, therefore, supports denying Plaintiff's Motion to Amend.

Plaintiff's claim for Recoupment (her fourth claim for relief) fails because in the Ninth Circuit this is not an independent cause of action but an affirmative defense. The law establishes Plaintiff's fourth claim for relief fails as an independent cause of action. *City of Saint Paul v. Evans*,

---

[2] "[A] private party may not enforce criminal statutes through a civil action." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007) (citing *U.S. v. Nixon*, 418 U.S. 683, 693 (1974)). "Only a prosecutor can file criminal charges against a citizen...." *Jones v. Harris*, 665 F. Supp. 2d 384, 404 (S.D.N.Y. 2009). "The presence of a criminal statute neither creates nor implies a corresponding private right of action." *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (citing *U.S. v. Wadena*, 152 F.3d 831, 845-46 (8th Cir. 1998)).

344 F.3d 1029, 1034 (9th Cir. 2003) ("Equitable recoupment ... has always been recognized as a defense, not a claim."). *See also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415 (1998) (generally, "a defendant's right to plead 'recoupment,' [is] a 'defense arising out of some feature of the transaction upon which the plaintiff's action is grounded,' ....) (quoting *Rothensies v. Elec. Storage Battery Co.*, 329 U.S. 296, 299 (1946) (internal citation omitted). *Bull v. United States*, 295 U.S. 247, 262 (1935) (explaining that "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded"); *Cathay Logistics, LLC v. Gerber Plumbing Fixtures, LLC*, Case Nos. 2:15-cv-02926-ODW(RAO), 2:15-cv-04146-ODW (GJS), 2016 WL 3912011, at *5 (C.D. Cal. July 19, 2016) ("Setoff and recoupment are equitable defenses under which a defendant may seek to offset sums owing to the plaintiff against sums owing from the plaintiff to the defendant ... A defendant may assert these affirmative defenses to actions at law."). Thus, Plaintiff's recoupment claim is futile, which supports denying Plaintiff's Motion to Amend.

Finally, Plaintiff's new claim (her fifth claim for relief) is futile as pleaded. Plaintiff identifies the trust to which she refers as the CWALT, INC., Alternative Loan Trust 2006-43-CB, Mortgage Pass-Through Certificates, Series 2006-43CB and Indenture Trustee for CWHEQ Revolving Home Equity Loan Trust, Series 2006-I ("REMICs").[3] ECF No. 65-2 at 2. However, Defendants contend Plaintiff is not a beneficiary of the REMIC trust at issue; nor can she be. In fact, Defendants correctly state a mortgage securitization creates a separate contract distinct from any debt or mortgage obligations under a note and deed of trust. *In re Nordeen*, 495 B.R. 468, 479-80) (B.A.P. 9th Cir. 2013); *see also Wood v. Germann*, 331 P.3d 859 (Nev. 2014) (recognizing a pooling and servicing agreement of a mortgage securitization trust is a contract between the originating lender and subsequent purchaser/trustee and that a borrower is neither a party or intended beneficiary of the pooling and servicing agreement). Thus, Plaintiff's breach of fiduciary duty claim fails as a matter of law because even assuming Plaintiff was a mortgage borrower or debtor to any Defendant, she cannot be a beneficiary of the REMIC trust she identifies. As such Plaintiff cannot state a breach of fiduciary duty as no such duty was owed to her.

---

[3] The acronym "REMIC" stand for Real Estate Mortgage Investment Conduit Securitization Trust.

Further, Plaintiff seeks relief for the alleged fiduciary duty breach under only one statute; that is, 29 U.S.C. § 1109. This is an ERISA statute requiring a demonstration that an ERISA plan participant has a traceable loss to a fiduciary breach. Under the proper ERISA framework, a plan participant must clearly allege both loss and causation. *Vaughn v. Bay Envtl. Mgmt., Inc.*, 544 F.3d 1008, 1012 (9th Cir. 2008) (loss is "the difference between the benefit [they] received and what [they] would have received if the Plans' assets had been prudently invested."); *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1099 (9th Cir. 2004) ("a plaintiff must show a causal link between the failure to investigate and the harm suffered by the plan") (internal quote marks and citation omitted). Plaintiff does not plead she is an ERISA plan participant, plan beneficiary or that her dispute with Defendants is based on breach of a duty owed by virtue of Defendants' unidentified relationship to an ERISA plan. ECF No. 65-2. Instead Plaintiff's proposed second amended complaint speaks about a specific piece of real property (*see* ECF No. 65-1 at 2) that would not ordinarily arise in the context of an ERISA plan participant or beneficiary claim and certainly is not the basis for Plaintiff's claim here. *See* ECF No. 65-2, *generally*. For the reason stated above, Plaintiff's Breach of Fiduciary Duty claim fails as a matter of law.

In conclusion the Court notes this is Plaintiff's third attempt to plead viable claims. Allowing the instant proposed second amended complaint to proceed would only lead to unnecessary delay and undue prejudice to Defendants who would have to file another motion to dismiss on which Defendants would likely succeed. Given these circumstances, Plaintiff's Motion to Amend should be denied. *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

**III.   Recommendation**.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to File a Second Amended Complaint (ECF No. 65) be DENIED.

Dated this 6th day of June, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| 1 | **<u>NOTICE</u>** |
| 2 | Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be |
| 3 | in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has |
| 4 | held that the courts of appeal may determine that an appeal has been waived due to the failure to file |
| 5 | objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also |
| 6 | held that (1) failure to file objections within the specified time and (2) failure to properly address |
| 7 | and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal |
| 8 | factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. |
| 9 | 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). |