# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DOLLIE MCDONALD, ) <br>       Plaintiff, ) <br>        ) <br> vs. ) <br>        ) <br> PAUL M. DONOFRIO, *et al.*, ) <br>        ) <br>       Defendants. ) | Case No.: 2:21-cv-01892-GMN-EJY <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss the Amended Complaint, (ECF No. 41), filed by Defendants Paul M. Donofrio, Bank of America, N.A. ("BANA"), Countrywide Bank, FSB ("Countrywide"), and BAC Home Loan Service, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC") (collectively, "Defendants"). *Pro se* Plaintiff Dollie McDonald[1] ("McDonald" or "Plaintiff") filed a Conditional Acceptance of Defendants' Motion to Dismiss, (ECF No. 45), to which Defendants filed a Reply, (ECF No. 48). For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss.

I. <u>BACKGROUND</u>

On or around August 11, 2020, McDonald contends that she sent Donofrio a "Notice of Demand for Validation and Proof of Claim" which served as a request for debt validation. (First Am. Compl. ("FAC") ¶ 16, ECF No. 36). McDonald alleges that Donofrio "failed, refused or neglected" to respond to her request for debt validation, "within the thirty day time allowance" resulting in "the instrument [being] deemed to have been dishonored on September 19, 2020[,] and the alleged debt obligation deemed null and void." (*Id.* ¶ 17). "After failing to

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding him to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

validate the alleged debt obligation or provide any proofs of claim, Defendants continued collection activities in violation of federal law." (*Id.* ¶ 19). McDonald additionally alleges that, "Over the course of five months, Plaintiff mailed Donofrio multiple Notices and Affidavits, exhausting her administrative remedies[,] and Donofrio made no request for an extension of time in which to answer any of the Notices and/or Affidavits." (*Id.* ¶ 18 (footnote omitted)). McDonald filed her original complaint on October 13, 2021,[2] asserting the following causes of action: (1) violation of the Consumer Credit Protection Act; (2) violation of the Fair Debt Collection Practices Act; (3) violation of the Fair Credit Reporting Act; (4) violation of the Internal Revenue Code; (5) violation of the Securities Act; (6) violation of the Sherman Act; and (7) recoupment. (*See generally id.*). Separately, in the "conclusion" section of the FAC, Donofrio appears to allege damages related to her termination from the law firm Akerman LLP "for refusing to withdraw this suit." (*Id.* ¶ 65).

Defendants then moved to dismiss. (Motion to Dismiss ("MTD"), ECF No. 41). In response, McDonald filed a Condition Acceptance of Defendants' Motions to Dismiss, (*see* Resp., ECF No. 45), wherein McDonald "conditionally accepts" Defendants' motion "upon [Proof of Evidence] and [Proof of Claims]" including, among other things: (1) a certified copy of the undersigned's Oath of Office; (2) a certified copy of Magistrate Judge Brenda N. Weksler's Oath of Office; (3) a certified copy of the Clerk of Court's Oath of Office; (4) anti-bribery statements submitted by the undersigned and Magistrate Judge Weksler; and (5) a disclosure of financial conflicts. (Resp., 2:16–3:27). McDonald contends that the demands for various proofs of evidence and claims are "to ensure that Trustee malfeasance resulting in harm to Trust assets or Beneficiary in any way has not occurred in this Trust Action." (*Id.* 8:15–19). McDonald also raises arguments that are non-responsive to Defendants' legal claims in the

---

[2] McDonald notes in her FAC that the original complaint was filed on October 13, 2020. A review of the docket shows that the original complaint was filed on October 13, 2021. (*See* Compl., ECF No. 1).

Motion to Dismiss. For example, McDonald states that the motion to dismiss is "not argued by a real party of interest. Rather, the Motions are argued by [Attorneys] who lack first-hand knowledge and are not allowed to testify on the facts of the case." (Resp. 4:21–25).

On April 26, 2023, McDonald then filed the Notice of Motion to File a Second Amended Complaint. (Not. Mot. File Second Am. Compl., ECF No. 65). Defendants opposed the motion, arguing that this was McDonald's third attempt to amend her complaint. (*See* Resp. Not. Mot. File Second Am. Compl., ECF No. 66). Construing the Notice as a Motion for Leave, Magistrate Judge Weksler submitted the Report & Recommendation which recommended denying the Notice of Motion to File a Second Amended Complaint. (*See* R&R, ECF No. 71). The undersigned adopted the Report & Recommendation in full, thereby denying McDonald's Motion.

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6)) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*
///

If a court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.     DISCUSSION

Defendants move to dismiss on the following grounds: (1) the FAC fails to meet the requirements of Federal Rules of Civil Procedure ("FRCP") Rule 8(a)(2); (2) McDonald lacks standing to bring this action because she is not the "debtor" but instead represents herself as an "agent"; (3) McDonald's Truth in Lending Act ("TILA") claim is time barred; (4) McDonald's Fair Debt Collection Practices Act claim fails because Defendants are not "debt collectors" as defined under the Act; and (5) all claims are insufficiently pled under FRCP Rule 12(b)(6).

Under Local Rule 7-2(b), "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Here, McDonald failed to "file points and authorities" in response to Defendants' Motion to Dismiss. Indeed, McDonald's response is titled a "Conditional Acceptance" of Defendants' Motion to Dismiss. (*See also* Resp. & Conditional Acceptance 1:24–26 ("[McDonald] hereby files her Conditional Acceptance of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint[.]")).

Construing McDonald's Response to the Motion to Dismiss liberally, the Court finds that McDonald has not presented *any* evidence or legal authority refuting or otherwise contesting the legal claims raised in Defendants' Motion to Dismiss. Although McDonald's

*pro se* status requires the Court to review her filings and pleadings less stringently than her represented counterparts, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this does not absolve a *pro se* plaintiff from the requirements and rules that a represented party must follow, including the Federal Rules of Civil Procedure and this Court's local rules.  Interpreting the Nevada Local Rules, the Ninth Circuit held that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  In *Ghazali*, the *pro se* plaintiff failed to file an opposition to the defendant's motion to dismiss.  In affirming the district court's grant of defendant's motion to dismiss for failure to follow the local rules, the Ninth Circuit noted, "Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure." *Ghazali*, 46 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *reversed on other grounds*).  Here, although McDonald filed the Response and Conditional Acceptance, she failed to cite any points or authorities responsive to Defendants' arguments.  At best, McDonald challenged the ability of this Court, and Defendants' attorneys, to hear and adjudicate these claims. (*See, e.g.*, Resp. 5:9–10 ("As an artificial being, Bank of America cannot argue the facts of the case); Resp. 5:16–18 ("Statement of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." (citation omitted)). McDonald's recitation of random legal authorities that have nothing to do with her case or the merits of Defendants' arguments do not constitute a "response" as required under the local rules.

      The Court notes that the law within this district holding that dismissal is appropriate under the local rules for failure to file an opposition is often premised on a failure to file *any* responsive document or pleading.  Nonetheless, the rule is applicable in scenarios where, as here, the plaintiff files a document but wholly fails to respond to the arguments raised in the motion to dismiss.  The plain language of Local Rule 7-2(d) supports this interpretation; the

rule states, "The failure of an opposing party to file *points and authorities in response* to any motion . . . constitutes a consent to the granting of the motion." *See* Local Rule 7-2(d).  In other words, simply filing a document is not enough to meet the requirements of the local rule.  Instead, the opposing party's opposition must include "points and authorities in response" to the motion.  If the rule drafters intended to limit the rule to apply only to a failure to file any document, they would have done so.  Moreover, such a strained interpretation would have impractical effects; if a plaintiff, *pro se* or otherwise, is permitted to file a document that makes no effort to refute the arguments raised in a motion to dismiss, the plaintiff can circumvent the rule and the Court is required to evaluate the merits of a defendant's motion to dismiss without the benefit of fulsome briefing from all parties.

Because McDonald failed to properly respond to Defendants' Motion to Dismiss, the Court finds that, under Local Rule 7-2(d), McDonald's actions constitute a consent to granting the motion.  Indeed, McDonald's Response was titled "Conditional Acceptance of Defendants' Motion to Dismiss," which supports the finding that McDonald did not intend to oppose Defendants' Motion.  Before dismissing a case for failing to follow local rules, the district court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  These factors favor dismissal.  McDonald's failure to respond to the motion on its merits prejudices defendants and strains the court's ability to manage its docket.   McDonald has already amended her complaint once, and the Court recently denied McDonald motion for leave to file a second amended complaint, noting that all of McDonald's claims were either insufficiently pleaded or failed as a matter of law. (*See generally* R&R, ECF No. 71); (*see also* Order, ECF No. 72 (adopting R&R in full)).

Moreover, the Court has reviewed Defendants' motion, which presents meritorious arguments that favor dismissal of this action. Specifically, (1) McDonald's TILA claim is time-barred and insufficiently pled; (2) McDonald failed to plead facts showing Defendants are debt collectors subject to the Fair Debt Collection Practice Act; (3) McDonald's FCRA cause of action is insufficiently pled; (4) the statutes McDonald cites under The Securities Act, The Internal Revenue Code, and The Sherman Act are criminal statutes, and McDonald lacks standing to sue under those statutes; and (5) the Ninth Circuit has held that recoupment is not an independent cause of action, but an affirmative defense. *See City of Saint Paul v. Evans*, 344 F.3d 1029, 1034 (9th Cir. 2003) ("Equitable recoupment . . . has always been recognized as a defense, not a claim."). As such, dismissal is appropriate both for McDonald's failure to respond, as well as on the merits of Defendants' Motion to Dismiss. Moreover, because all of McDonald's claims fail as a matter of law, the Court finds that amendment would be futile. Accordingly, the Court DISMISSES the Complaint with prejudice.

IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 41), is **GRANTED.** Because the Court dismisses the First Amended Complaint without leave to amend, the Clerk of Court is instructed to close the case.

**DATED** this   15   day of August, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT